42 C.C.P.A.(Patents)
**Application of GENERAL CABLE CORP.**

**Patent Appeal No. 6106.**

United States Court of Customs and Patent Appeals.
May 25, 1955.

Emery, Varney, Whittemore & Dix, New York City (George J. Schottler, New York City, and Oscar W. Giese, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents, acting for the Commissioner, refusing appellant's application to have its mark registered on the Supplemental Register in the United States Patent Office. (See Sections 23, 24, 25, 26, 27 and 28 of the Trade Mark Registration Act of July 5, 1946, 15 U.S.C.A. § 1051 et seq., for subject matter relating to the Supplemental Register.)

It appears that as originally filed, on April 27, 1949, registration was sought on the principal register provided for in the 1946 Act, but on September 13, 1951, the application was amended by changing "Principal" to "Supplemental" and a substitute Statement and Declaration were filed.

The composite word and design mark which appellant seeks to register is declared in the substitute statement to have been first used in commerce among the several states on April 1, 1949, as a trade-mark for "bare and insulated electrical wires and cables in Class 21, Electrical apparatus, machines and supplies." It was further stated to have been "in lawful use in such commerce upon or in connection with the goods for the year

preceding the filing of this application."

Appellant's mark was denied registration on a mark registered in the name of the Gamewell Company on the principal register March 7, 1950, upon an application filed August 30, 1948. Use of it was alleged as early as 1879 by a predecessor of Gamewell.

The Gamewell mark (Registration 521,961) recites that it is a trade-mark for "apparatus and parts for electrical fire alarm systems; police electric signaling and telephone systems; electric public alarm systems for announcing fire, air raid warnings and other emergencies; electric watchman's report, supervisory and emergency signaling systems; electric automatic fire detection, alarm, and emergency signaling systems; electric auxiliary fire alarm and police signaling systems; and electrical voice communication and amplifying systems, in Class 21, Electrical apparatus, machines, and supplies, * * *."

The Gamewell registration shows a clenched fist holding what are variously described in the records and briefs as "electrical flashes," "lightning bolts," or "zigzag lines." There are three such "flashes" or "bolts" in the registered mark, which extend in a generally horizontal plane, and at right angles to the clenched fist.

Appellant's mark for which registration is sought, is as has been mentioned a composite word and design mark. The design part of the mark shows a clenched human hand holding two "lightning bolts." The hand is at an angle of about 45 degrees from the horizontal, and the "bolts" are generally at right angles to the hand. Associated with this design are the following words, adjoining the design thusly:

"*MORE POWER* [design] TO YOU"

Appellant in describing the Gamewell mark states:

"The Gamewell mark * * * is purely a pictorial representation of a clenched hand grasping a plurality of lightning bolts. The extension of the forearm would be vertical, rather than at an angle as in applicant's mark, and the over-all visual effect is that the lightning bolts extend in a horizontal direction, rather than slanting downwardly from right to left as in applicant's mark. There is little resemblance in the hand of the Gamewell mark to the forceful, dynamic hand of applicant's mark."

Despite appellant's argument that there is little resemblance between the Gamewell mark, and the pictorial part of appellant's mark, we are constrained to disagree. Such differences as there are, to our mind are minor, and could hardly be sufficient to distinguish appellant's mark over that of the registration.

As has been noted, the appellant's application for registration is restricted to use on "bare and insulated electrical wires and cables," while the registration of the Gamewell Company is stated to be used on "apparatus and parts" for several different categories of electrical signaling and alarm systems. Appellant argues that the type of goods upon which the respective marks are used are sufficiently different to preclude confusion, stating:

"Applicant does not manufacture the goods enumerated in the Gamewell registration. It does not appear from the registration that registrant uses its mark upon applicant's goods, namely, electrical wires and cables. Moreover it is believed that manufacturers of equipment such as that described in the Gamewell registration do not ordinarily manufacture electrical wires and cables, and vice versa (although admittedly electrical wires and cables are probably used in the manufacture, or installation, or both, of the registrant's goods). It is, therefore, respectfully submitted that no confusion would arise from the concurrent use of the two marks by the registrant and the applicant."

We cannot agree that the goods upon which the marks are used are sufficiently different so as, by that fact alone,

to obviate confusion, and we agree with the following succinct statement by the Solicitor in his brief on behalf of the Commissioner:

"* * * It will thus be seen that the goods involved are closely related and, in fact, the systems to which the Gamewell mark is applied would necessarily include bare or insulated electrical wires and cables as parts thereof. Under these circumstances it is submitted to be clear that the goods are of such a nature that the use of similar marks thereon would inevitably lead to confusion. Anyone who had purchased apparatus or parts of any of the various electrical systems bearing the mark disclosed by Gamewell, and who later found a similar mark applied to electrical conductors, would normally conclude that they came from the same source. * * *"

Having concluded that neither the pictorial design features of the two marks, nor the goods upon which the respective marks are applied, are sufficiently different to permit a finding that there would be no confusion, there remains only an inquiry as to whether the phrase "More Power to You" as it is combined with the design is sufficient, either of its own force, or by virtue of its combination with the other differences, to distinguish appellant's mark from that of the registration.

Appellant argues that the use of clenched fists with electrical bolts is in general use to suggest power, and that "it follows that Gamewell has no exclusive right in the representation of a clenched fist holding lightning bolts; and another may use this symbol with additional matter which is sufficient to distinguish that other's mark from the registered mark even though the result may be to incorporate the entire registered mark in the later one." While we find no need in this case to survey all the various ways in which one mark may distinguish over another mark, nevertheless, as admitted by appellant, the effect of the differences in the marks must be such as to in fact *distinguish* one mark from another. The question as to whether the addition of words to a design similar to a registered design will be sufficient to distinguish one mark from another, is a question that can be answered only in the light of the particular facts of the case.

The Assistant Commissioner in her decision for the Commissioner had the following to say with regard to the facts of this case:

"* * * In view of the almost identical impression created by the design feature of applicant's mark and the registered mark, and of the nature of the goods in connection with which the marks are used, it is possible that the word feature of applicant's mark might serve to suggest a common origin rather than indicate a different origin. There is nothing in the record here which indicates that the registrant makes or sells bare or insulated electrical wires and cables, but a purchaser of registrant's alarm systems or communication eqiupment bearing the mark of the human hand clenched around electrical flashes or bolts might well be led to believe, upon seeing substantially the same mark, accompanied by the words "More Power to You", on electrical wires and cables, that the wires and cables are made by the same company to transmit the electric power to the alarm systems and communication equipment. It is believed that the applicant's mark as applied to its goods is likely to lead to confusion, mistake, or deception as to its source."

We are in full agreement with the above-quoted statement of the Assistant Commissioner. It seems to us that the words "More Power to You" merely reinforce the general mental impression conveyed by the hand clutching lightning flashes, and that they do not serve to enable a beholder to mentally distinguish the two marks as being those of different manufacturers. The minor differences

in the designs and in the goods are not sufficient to avert that general impression. We conclude that applicant's mark is likely to lead to confusion, mistake or deception as to its source.

The decision of the Commissioner of Patents is affirmed.

Affirmed.